OPINION
{¶ 1} Defendant-appellant, Mikail D. Abdul-Rahman ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas convicting him of three counts of breaking and entering in violation of R.C. 2911.13, felonies of the fifth degree, three counts of safecracking in violation of R.C. 2911.31, felonies of the fourth degree, two counts of theft in violation of R.C. 2913.02, felonies of the fifth degree, and one count of theft in violation of R.C. 2913.02, a misdemeanor of the first degree, all entered upon a jury verdict of guilty to the same. Appellant was sentenced on each count, and all *Page 2 
sentences were ordered to be served concurrently, resulting in a total term of 15 months incarceration with 41 days of jail time credit.
 {¶ 2} The charges in this matter arise out of burglaries occurring on October 27, 2005, at three different ProCare Automotive stores in Franklin County, Ohio. In the morning of October 28, 2005, three ProCare locations, namely, West Broad Street, Karl Road, and Sawmill Road, reported money missing from their safes. In December 2005, appellant was indicted in a six-count indictment, alleging two counts of breaking and entering, two counts of safecracking, and two counts of theft, in case No. 05CR-8308. Soon after, in February 2006, a Franklin County Grand Jury indicted appellant in a three-count indictment, alleging one count of breaking and entering, one count of safecracking, and one count of theft, in case No. 06CR-1415. The cases were consolidated for trial.
 {¶ 3} The matter proceeded to trial on May 30, 2006. On May 31, 2006, the jury returned a verdict of guilty to all nine counts, with the exception that as to one count of theft, the jury found that the value of property involved was not $500 or more, resulting in a finding of guilty to a first degree misdemeanor, rather than a felony. The matter proceeded for sentencing on June 28, 2006. As to case No. 05CR-8308, appellant was sentenced to 11 months each on counts one and two, 15 months each on counts four and five, and 11 months as to count eight, and time served as to count seven. All counts were to run concurrent to each other and to the sentence imposed in Case No. 06CR-1415, which entailed 11 months as to count three, 15 months as to count six, and 11 months as to count nine.[1] *Page 3 
 {¶ 4} Appellant timely appeals, and brings the following two assignments of error for our review:
 I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S RULE 29 MOTION AS THERE WAS NOT SUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT.
 II. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 5} Appellant's two assignments of error are interrelated, and thus will be addressed jointly. Together they challenge the sufficiency of the evidence, asserting the trial court should have granted appellant's Crim.R. 29 motion, and the manifest weight of the evidence.
 {¶ 6} "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Seiber (1990), 56 Ohio St.3d 4, 13, quoting State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. See, also, State v. Antill (1964),176 Ohio St. 61; State v. Brown (1988), 38 Ohio St.3d 305, paragraph four of the syllabus. In ruling on a Crim.R. 29 motion, a trial court must construe the evidence in a light most favorable to the state. State v. Busby
(Sept. 14, 1999), Franklin App. No. 98AP-1050. The standard of review applied to a denied motion for acquittal pursuant to Crim.R. 29 is virtually identical to that employed in a challenge to the sufficiency of the evidence. State v. Turner, Franklin App. No. 04AP-364,2004-Ohio-6609, at ¶ 8, appeal not allowed (2005), 106 Ohio St.3d 1547,2005-Ohio-5343, citing State v. Ready (2001), 143 Ohio App.3d 748, 759. *Page 4 
 {¶ 7} The legal concepts of sufficiency of the evidence and weight of the evidence involve different determinations. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence, an appellate court must:
 * * * [E]xamine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 8} This test raises a question of law and does not allow the court to weigh the evidence. Thompkins, at 386; State v. Thomas (1982),70 Ohio St.2d 79, 79-80. Rather, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, when reviewing the sufficiency of the evidence, an appellate court must accept the fact finder's determination with regard to the credibility of the witnesses. State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Worrell, Franklin App. No. 04AP-410, 2005-Ohio-1521, at ¶ 41 ("In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but, whether, if believed, the evidence against a defendant would support a conviction").
 {¶ 9} As opposed to the concept of sufficiency of the evidence, "the weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." State v. Brindley, Franklin *Page 5 
App. No. 01AP-926, 2002-Ohio-2425, at ¶ 35, citation omitted. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the fact finder's resolution of the conflicting testimony. Thompkins, supra, at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 10} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v.Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v.Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony. State v.Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v.Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give *Page 6 
great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 17.
 {¶ 11} While this case turns on circumstantial evidence, the Supreme Court of Ohio has held that "[a] conviction can be sustained based on circumstantial evidence alone." State v. Franklin (1991),62 Ohio St.3d 118, 124, citing State v. Nicely (1988), 39 Ohio St.3d 147, 154-155. In fact, circumstantial evidence may "`be more certain, satisfying and persuasive than direct evidence.'" State v. Ballew (1996),76 Ohio St.3d 244, 249, quoting State v. Lott (1990), 51 Ohio St.3d 160, 167, quotingMichalic v. Cleveland Tankers, Inc. (1960), 364 U.S. 325, 330,81 S.Ct. 6, 11.
 {¶ 12} In this case, if believed, the testimony and circumstantial evidence presented supports each element of the offenses for which appellant was found guilty beyond a reasonable doubt. On or about October 27, 2005, three ProCare stores were burglarized and money was taken from the safes located in each store. As adduced at trial, appellant was employed by ProCare as a manager-in-training. Pursuant to his position, appellant worked at all three of the stores that were burglarized. According to the testimony, appellant had a key to all three stores, and either had keys, or had access to the keys to the safes contained at each store. At approximately 6:00 p.m., on October 27, 2005, appellant was working at the Karl Road location, when he was called to a meeting at the Polaris office. Once at the Polaris office, appellant was terminated from his employment with ProCare. At approximately 7:30 or 7:45 p.m., appellant returned to the Karl Road location. According to Herbert Patterson, assistant manager of the Karl Road store, he was locking up for the night when appellant pulled up along side *Page 7 
the store. Mr. Patterson and appellant spoke for a few minutes, but appellant mentioned nothing about his termination. When their conversation ended, Mr. Patterson left for the evening. A few hours later, at approximately 8:45 to 9:00 p.m., Ronald Smith, who was a master service technician transitioning from the Sawmill Road store to a downtown location, was at the Sawmill Road store to check on a job. As he was leaving, Mr. Smith saw appellant parked in his car in a neighboring parking lot facing the ProCare store. Mr. Smith went over to talk to appellant. They talked for three to five minutes, and then appellant drove away. Mr. Smith noticed that appellant seemed uncharacteristically subdued at that time.
 {¶ 13} On the morning of October 28, 2005, the managers at the Sawmill Road, Karl Road, and West Broad Street stores discovered that cash and deposits had been taken from the safes. None of the stores reported any signs of forced entry. Mr. Patterson testified that approximately $1,700 was missing from the Karl Road location. According to Columbus Police Officer Judy Lawrence, it was reported that money was taken from the safe at the Sawmill Road store. Zach Engel, who was a manager at the West Broad Street store, described that $415 in cash and a cashier's check for $1,300 was missing from his store.
 {¶ 14} Michael Wolf, marketing manager for the ProCare stores in the Columbus and Pittsburgh areas, was informed about the missing money. Upon his investigation, he discovered that the only person with keys to all three locations was appellant.
 {¶ 15} In summation, the testimony established that all three stores were burglarized in the hours after appellant was terminated from his employment at ProCare. None of the stores showed any signs of forced entry and appellant was seen at two of the *Page 8 
three burglarized locations in the evening hours after his employment was terminated. Appellant was the only person known to possess keys to all three of the locations that were burglarized, and appellant had, or knew the location of the keys to the safes located in each store. Based on the evidence and the testimony of the witnesses, viewed in the light most favorable to the prosecution, a reasonable trier of fact could have found the essential elements of the crimes of which appellant was convicted proven beyond a reasonable doubt. Therefore, we cannot conclude there is insufficient evidence to sustain appellant's convictions and that the trial court erred in denying appellant's motion for acquittal pursuant to Crim.R. 29.
 {¶ 16} Similarly, we cannot say that the jury's verdict was against the manifest weight of the evidence. The basis for appellant's manifest weight challenge is primarily the lack of direct evidence linking appellant to the burglaries at the three ProCare stores. While appellant asserts the lack of direct evidence in this matter requires a reversal of his convictions, we note that a conviction is "not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Moore, Montgomery App. No. 20005,2004-Ohio-3398, quoting State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757. We have reviewed the entire record and weighed the evidence and all reasonable inferences to be drawn therefrom, and have considered the credibility of the witnesses. After review of the record, we conclude that there is nothing to indicate that the jury clearly lost its way or that appellant's convictions create a manifest miscarriage of justice. Consequently, we cannot say that defendant's conviction is against the manifest weight of the evidence. *Page 9 
 {¶ 17} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
KLATT and FRENCH, JJ., concur.
[1] The counts in both cases were renumbered prior to trial. Our numbering follows that used in the trial court's sentencing entry. *Page 1